

**ORDERED in the Southern District of Florida on September 14, 2021.**

*[signature]*

Laurel M. Isicoff
Chief United States Bankruptcy Judge

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                                                                    Case No. 21-10636-LMI
                                                                                                          Chapter. 13

**TATYANA PAULINE ARBOLEDA**
_____Debtor(s)_____/

### AGREED ORDER GRANTING DEBTOR'S MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN HELD BY HAMMOCKS COMMUNITY ASSOCIATION, INC.

THIS CASE came to be heard on September 9, 2021 at 9:00 am on the ***Debtor's Motion to Value and Determine Secured Status of Lien of Hammocks Community Association, Inc., on Real Property*** (DE #92 the "Motion"). Based upon the Debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.        The value of the debtor's real Property is located at ***15067 SW 103 Terrace, Apt. 14112***

*Miami, Florida 33196*, (the "Real Property") more particularly described as:

> **CORAL CLUB GARDEN VILLAS CONDO UNIT 14112 BLDG 14 UNDIV 0.55% INT IN COMMON ELEMENTS OFF REC 23547-1153 OR 23070-4893 020502 ("Property").**

is $220,000.00 at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of **Hammocks Community Association, Inc.,** ("Lien Holder" and/or "Creditor") held by **U.S. Bank Trust National Association c/o SN Servicing Corporation** ("Lender") is $234,868.37.

C.  The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Hammocks Community Association, Inc., Creditor, is $0.00 and Creditor has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Hammocks Community Association, Inc., has an allowed secured claim in the amount of $ <u>0.00</u>.

3. Because Hammocks Community Association, Inc.'s secured interest in the Real Property is $0.00, Creditor's lien recorded on November 8, 2019 in OR Book 31684, at Page 465 in the Official Records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Creditor's lien will no longer be considered void and shall be restored as a lien on the Real Property.

4. Hammocks Community Association, Inc filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a

general unsecured claim in the amount of $ 8,167.05, regardless of the original classification in the proof of claim as filed.

      5.   The Real Property may not be sold or refinanced without proper notice and further order of the Court.

      6.   Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

      7.   Upon notification that the debtor has received a discharge, the creditor shall take all steps necessary to release the lien upon the Real property.

###

Marilyn L. Maloy, Esquire is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.

Submitted By:
Marilyn L. Maloy, Esq.
540 NW 165 Street Road, Suite #210
Miami, Florida 33169
Telephone: (786) 483-7541